1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CRIMINAL PRODUCTIONS, INC.,

Plaintiff,

v.

DOE-72.197.111.62,

Defendant.

Case No. 16-cv-2352 WQH (JLB)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY**

**[ECF No. 4]**

Presently before the Court is Plaintiff's *Ex Parte* Motion to Expedite Discovery. (ECF No. 4.) No opposition was filed, as no defendant has been named or served. For the reasons set forth below, Plaintiff's Motion is **DENIED without prejudice**.

## I. BACKGROUND

Plaintiff is the registered copyright owner of the motion picture *Criminal*. (ECF No. 4-1 at 1.) Plaintiff asserts the person or entity assigned Internet Protocol ("IP") address 72.197.111.62 has illegally copied and distributed *Criminal* through his, her, or its use of the online BitTorrent file distribution network. (*Id.*)

Plaintiff commenced the instant action by filing a Complaint against Defendant "Doe–72.197.111.62" on September 19, 2016. (ECF No. 1.) The Complaint alleges a single claim of copyright infringement against Defendant. (*Id.* at 8–9.)

1

Because Defendant used the Internet to commit the alleged infringement, Plaintiff knows Defendant only by his, her, or its IP address, which Plaintiff believes was assigned to Defendant by the Internet Service Provider ("ISP") Cox Communications.  (ECF No. 4-1 at 2.)  In the present Motion, Plaintiff asserts that Cox Communications has "the records which tie the IP address used to infringe plaintiff's rights to a specific party who contracted with Cox Communications for service" and that "[w]ithout this information, plaintiff cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights." (*Id.*)  Accordingly, Plaintiff seeks leave to serve a Rule 45 subpoena on Cox Communications to obtain the name and address associated with IP address 72.197.111.62. (*Id.*)

## II.  LEGAL STANDARD

Discovery is generally not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order.  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).  "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80.  "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real

person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

## III.  DISCUSSION

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on Cox Communications before the parties conduct a Rule 26(f) Conference in this case so that Plaintiff may obtain the true name and address of Defendant. (ECF No. 4-1 at 2.) For the reasons set forth below, Plaintiff's Motion is **DENIED without prejudice**.

For the Court to grant Plaintiff's Motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12cv00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *5–6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1–46*, No. C-11-02263 HRL, 2011 WL 2470986, at *6–7 (N.D. Cal. June 21, 2011)).

The Court concludes that Plaintiff's Motion fails to identify Defendant with sufficient specificity to enable the Court to determine that Defendant would be subject to its jurisdiction.  It is unclear whether IP address 72.197.111.62 is a "dynamic" or "static" IP address.  It is most likely that the user of IP address 72.197.111.62 is a residential user and that the IP address assigned by Cox Communications is "dynamic."[1]  In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next."  *State v. Shields*, No. CR06352303, 2007 WL 1828875, at *6 (Conn. Sup. Ct. June 7, 2007).  Consequently, it matters when Plaintiff's counsel's geolocation efforts were performed.  If performed in the temporal proximity to the offending downloads, the geolocation may be probative of the physical location of the subscriber.  If not, the geolocation may potentially be irrelevant.

Here, Plaintiff attaches to its Motion a table reflecting that the user of IP address 72.197.111.62 engaged in allegedly infringing activity from May 9, 2016, through May 15, 2016.  (ECF No. 4-2 at 1–2.)  In addition, Plaintiff's counsel asserts that IP address 72.197.111.62 belongs to Cox Communications and that he employed certain geolocation technology to locate that IP address within the Southern District of California.  (ECF No. 4-3 at 2–3.)  However, Plaintiff's Motion fails to state the date(s) on which its counsel performed the geolocation of IP address 72.197.111.62, stating only that the geolocation was performed "prior to filing this action."  (ECF No. 4-3 at 2.)  As more than four months have passed between the alleged infringement and Plaintiff's filing its complaint, this statement is insufficient.  Plaintiff must provide the date(s) on which the geolocation of IP address 72.197.111.62 occurred.  If the geolocation was performed closer to the date that Plaintiff filed its complaint than to the alleged dates of infringement, then Plaintiff must

---

[1] "Most consumer IP addresses are 'dynamic' as opposed to 'static.'  Static IP addresses are addresses which remain set for a specific user.  Dynamic IP addresses are randomly assigned to internet users and change frequently.  Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time."  *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356 (D.D.C. 2011) (citing *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008)).

provide further support and argument regarding the probative value of its geolocation efforts.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's *Ex Parte* Motion for Expedited Discovery (ECF No. 4) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated:  November 7, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge

5